AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of California

FILED
16 September 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

United States of America
v.
Ana Gabriel OLIVEIRA MENDONCA

*Defendant(s)*

Case No.3:26-mj-71223 MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 15, 2026 in the county of San Francisco in the Northern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111(a) | Assault on a Federal Officer<br>Maximum penalties:<br>- Imprisonment: 8 years Fine: $250,000<br>- Supervised release: not more than 3 years<br>- Special assessment: $100<br>- Forfeiture/Immigration & Naturalization Consequences/Denial of Fed Benefits |

This criminal complaint is based on these facts:

See attached Affidavit of HSI S/A Michael Feracho

☑ Continued on the attached sheet.

/s/
*Complainant's signature*

Michael Feracho, Special Agent
*Printed name and title*

Approved as to form September 16, 2026
SAUSA *William Skewes-Cox*

Sworn to before me by telephone.

Date: 09/16/2026

*Judge's signature*

City and state: San Francisco, California

Hon. Lisa Cisneros, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN**
**CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Michael Anthony Feracho, a Special Agent with Homeland Security Investigations, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure for a criminal complaint charging Gabriela Ana OLIVEIRA MENDONCA ("OLIVEIRA MENDONCA") with a violation of 18 U.S.C. § 111(a) (Assault on a Federal Officer) and warrant for her arrest. As set forth below, there is probable cause to believe that on or about September 15, 2026, in the Northern District of California, OLIVEIRA MENDONCA forcibly bit a federal law enforcement officer while the officer was engaged in and on account of the performance of the officer's official duties.

## AFFIANT BACKGROUND

2. I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), within the United States Department of Homeland Security, and have been so employed since April 2022. I am currently assigned to the Immigration Operations Group in the Special Agent in Charge San Francisco Area of Responsibility.

3. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law. I am a graduate from the Federal Law Enforcement Training Center's ("FLETC") Criminal Investigator Training Program and Homeland Security Investigations Special Agent Training in Glynco, Georgia. I received

twenty-six (26) weeks of training and conducted investigations which included drug investigations, identification of controlled substances, interview techniques, the general operation of narcotics trafficking organizations, seizures of electronic devices, and electronic device analysis. This training included comprehensive and formalized instruction in the investigation of federal investigations, to include but not limited to, identification and seizure of drug related assets, interdiction, electronic and physical surveillance procedures, and electronic device analysis.

4. During my employment as an HSI Special Agent, I have participated in and assisted with various investigations, to include, but not limited to, federal and state search warrants, arrests of subjects in violations of federal U.S. laws, interviews of witnesses and suspects, identification, interception, and analysis of smuggled goods coming into and out of the United States, records research, and phone toll analysis. In addition, I have discussed with other law enforcement agencies the methods and practices used by organized traffickers, smugglers, and organizations.

5. Prior to employment with HSI, I was employed with the United States Customs and Border Protection ("CBP") as an officer in Nogales, Arizona, for approximately five years starting in 2017. As a Customs and Border Protection Officer, my duties involved the enforcement and investigation of legitimate trade and travel of merchandise and persons who entered and exited the United States.

6. As a result of my participation in these and other activities, I have gained particular knowledge in the use and utility of undercover agents, confidential informants, physical surveillance, wire surveillance, electronic surveillance, oral surveillance, consensual recordings, investigative interviews, mail covers, trash searches, installation and monitoring of

GPS tracking devices, pole-mounted cameras, and the execution of federal and state search and arrest warrants. In addition to using the aforementioned investigative techniques, during these investigations, I also have analyzed information from traditional record sources, such as telephone toll and subscriber records, as well as non-traditional record sources, such as the informal ledgers routinely maintained by criminal organizations.

## SOURCES OF INFORMATION

7. I have personally participated in the investigation discussed in this Affidavit as the lead case agent, and I am familiar with the facts and circumstances of the investigation. My role in this investigation, combined with my training and experience, information I have learned from other HSI agents and other law enforcement agencies, my discussions with witnesses involved in the investigation, and my review of records and reports relating to the investigation form the basis for the opinions I set forth in this Affidavit.

8. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another HSI agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

9. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are

necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## APPLICABLE STATUTE

10. Assault on a Federal Officer. Under Title 18, United States Code, Section 111(a), it is unlawful for anyone to forcibly assault, resist, oppose, impede, intimidate, or interfere with any officer or employee of the United States while the officer or employee is engaged in or on account of the performance of the officer's or employee's official duties.

## STATEMENT OF PROBABLE CAUSE

11. On or about September 15, 2026, Enforcement and Removal Operations ("ERO") officers conduct a targeted immigration arrest of OLIVEIRA MENDONCA at San Francisco International Airport ("SFO"), Terminal 2, located at 780 McDonnell Road, San Francisco, California, in the Northern District of California. ERO Deportation Officers ("DO") VICTIM, AGENT 1, AGENT 2, and AGENT 3 participated. All officers were wearing low-profile attire with visible ICE badges at the time of arrest. All officers on scene were equipped with their department-issued AXON Body Worn Cameras ("BWCs"). All BWCs were activated during the enforcement action.

12. At approximately 07:35 a.m., DO VICTIM and DO AGENT 2 observed an adult female matching the physical description of OLIVEIRA MENDONCA approaching the boarding gate counter at B6, for JetBlue flight 316 to John F. Kennedy Airport in New York.

13. DO AGENT 2 approached the adult female and called her by her first name "Gabriela." The adult female replied "yes." She continued walking to the boarding gate counter where she met up with an adult male, who she introduced as her fiancé.

14. DO AGENT 2 escorted OLIVEIRA MENDONCA away from the public counter and verbally identified himself as an ICE Police Officer and presented his credentials. The adult female was positively identified as the intended target, OLIVEIRA MENDONCA. DO AGENT 2 advised OLIVEIRA MENDONCA that there was an immigration warrant for her arrest. DO VICTIM showed OLIVEIRA MENDONCA a copy of the warrant and introduced himself as an ICE Police Officer.

15. OLIVEIRA MENDONCA initially refused to present identification or verbally identify herself. After numerous requests, OLIVEIRA MENDONCA presented a Brazil Passport, with number ending 151, DOB: XX/XX/1987, and bearing the photo of OLIVEIRA MENDONCA.

16. The officers explained to OLIVEIRA MENDONCA that they would escort her away from the area and the view of the public before placing her in handcuffs. DO AGENT 1 and DO AGENT 2 escorted OLIVEIRA MENDONCA to the restroom upon her request.

17. The team then escorted OLIVEIRA MENDONCA to a secure private elevator where DO AGENT 3 and DO AGENT 1 placed her in handcuffs. OLIVEIRA MENDONCA was handcuffed with her hands behind her back. The handcuffs were checked for proper fit and double-locked in accordance with ICE policy.

18. OLIVEIRA MENDONCA was then escorted to the parking lot (Courtyard A) where a security officer and vehicle was staged for transport. DO AGENT 1 checked OLIVEIRA MENDONCA for weapons and means of escape, with negative findings.

19. When officers began to place OLIVEIRA MENDONCA in full restraints as per ICE policy for transportation, OLIVEIRA MENDONCA began yelling and screaming for help and physically resisting by stiffening her body and pulling her shoulders away from officers. OLIVEIRA MENDONCA began tightening her arms to prevent officers from placing her in full restraints.

20. When DO VICTIM tried to reach her wrists to adjust the handcuffs in front of her, OLIVEIRA MENDONCA bit DO VICTIM on his right forearm. OLIVEIRA MENDONCA released DO VICTIM's forearm without any use of force by officers.

21. The photo below is a screenshot from the BWC footage of the arresting officers and shows OLIVEIRA MENDONCA in the act of biting DO VICTIM on his right forearm. On the bodycam footage, DO VICTIM can be heard exclaiming "You just bite me!"




22. The photo below shows DO VICTIM's arm after OLIVEIRA MENDONCA bit him. There are numerous visible teeth marks remaining on his arm and a contusion in the middle of the bite marks.



23. DO VICTIM went directly to UCSF Health Clinic at the San Francisco Airport to be evaluated for the bite to his right arm. His injuries were assessed as "human bite mark." As a result, at approximately 10:21 a.m., DO VICTIM was given a tetanus and diphtheria toxoids vaccine.

## CONCLUSION

24. In sum, by biting DO VICTIM during the immigration arrest, OLIVEIRA MENDONCA forcibly assaulted DO VICTIM; OLIVEIRA MENDONCA did so while DO VICTIM was engaged in, and on account of, DO VICTIM's official duties; and OLIVEIRA MENDONCA made physical contact with DO VICTIM.

25. Based on the facts and evidence presented above, there is probable cause to believe that on September 15, 2026, in the Northern District of California, Gabriela Ana OLIVEIRA MENDONCA violated 18 U.S.C. § 111(a) (Assault on a Federal Officer).

26. I further request, in order to avoid OLIVEIRA MENDONCA from destroying evidence, fleeing, or otherwise impeding my investigation prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding complaint and arrest warrant, be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, HSI, and other law enforcement and intelligence agencies, including foreign law enforcement and intelligence agencies, as necessary for use in investigation and prosecution.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

*/s/ Michael A. Feracho*
MICHAEL A. FERACHO
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 16th day of September 2026. This complaint and warrants are to be filed under seal.

HONORABLE LISA J. CISNEROS
United States Magistrate Judge